IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lila C Featherston,<br><br>Plaintiff<br><br>v.<br><br>HSBC Card Services Inc., Redline Recovery Services LLC and Phillips & Cohen Associates Ltd<br><br>Defendant(s) | Case No: _____<br>JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

Plaintiff, Lila C Featherston ("Plaintiff") brings this action under the Fair Debt Collections Practices Act, 15 USC §1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Texas Finance Code §392.001, et seq. ("TDCPA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain actual, statutory damages, injunctive relief and other relief for the Defendants' violations of the FDCPA, the TDCPA and the DTPA.

**A. JURISDICTION & VENUE**

1. Jurisdiction of this Court attains pursuant to 15 USC §1692k(d), 28 USC §1331 and §1337(a) and the doctrine of pendant jurisdiction for the TDCPA claims pursuant to 28 USC §1367.

2. Venue is proper in the Southern District of Texas under 28 USC §1391(b)-(c) and because a substantial part of the acts and transactions occurred here and all of the Defendants transacted business here.

### B. PARTIES

3. Plaintiff is a citizen of the State of Texas and an individual who resides in Harris County Texas and a "consumer" as defined by 15 USC §1692a(3) and TDCPA §392.001(1).

4. Defendant, HSBC Card Services Inc, is a Illinois corporation engaged in the business of extending credit and collecting debts, with the registered agent for service, CT Corporation Systems, whom may be served with process at 350 N. St Paul St, Dallas TX 75201.

5. Defendant, Redline Recovery Services LLC, is an entity engaged in the business of collecting consumer debts, a Georgia Limited Liability Corporation doing business throughout Texas with the registered agent for service, LexisNexis Document Solutions, Inc, whom may be served with process at 701 Brazos Street Suite 1050, Austin TX 78701.

6. Defendant Phillips & Cohen Associates Ltd, is an entity engaged in the business of collecting consumer debts, a Delaware Limited Liability Corporation doing business throughout Texas with the registered agent for service, CT Corporation Systems, whom may be served with process at 350 N. St Paul St, Dallas TX 75201.

7. All Defendants are in the business of the collection of consumer debts. Defendants are "debt collectors" as defined by 15 USC §1692a(6) and

TDCPA §392.001(6). Defendants are also "third party debt collectors" as defined by TDCPA §392.001(7).

## C. FACTUAL ALLEGATIONS

8. On or about September 27, 2008, the Plaintiff was contacted by the Defendant, HSBC Card Services ("HSBC") by and through their collection agency Redline Recovery Services LLC ("Redline"). HSBC via Redline made the Plaintiff a settlement offer on an outstanding Orchard Bank credit card account ending in 1884 with the then stated principal balance of $2,518.47 for a settlement of $1,259.23, as long as Plaintiff settled such account by the payment due date of September 30, 2008. See Exhibit A.

9. Plaintiff, by and through his law firm of Seideman Law Firm PC, made such an immediate DHL overnight payment on September 29, 2008. See Exhibit B.

10. Subsequent to this settlement, HSBC placed such account for collection with at least one collection agency Phillips & Cohen Associates Ltd ("Phillips"). This was due to either due to the malfeasance of the Defendant Redline failing to notify the Defendant HSBC of the settlement or due to the malfeasance of the Defendant HSBC.

11. Throughout 2009, Defendant HSBC and Phillips sent direct delinquent bill notifications and/or collection letters and made direct collection calls to the Plaintiff.

12. HSBC and Phillips were aware that Plaintiff was represented by the Seideman Law Firm PC at this time, yet they still made direct contacts with the Plaintiff.

13. HSBC and Phillips were also aware that Plaintiff had settled this debt, yet, HSBC and Phillips continued collecting on such debt.

14. That Plaintiff again, by and through their counsel sent letters informing HSBC and Phillips of the settlement of this account and provided them a copy of the formalized settlement check as proof. Yet, HSBC and Phillips still did nothing.

15. Since that time, the Defendants have refused to return phone calls or respond to any correspondence from Plaintiff in regards to this account.

16. The foregoing acts and omission of the Defendants were undertaken willfully, intentionally and knowingly and/or in gross disregard of the rights of the Plaintiff.

## D.  FIRST CLAIM FOR RELIEF

17. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-15.

18. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. Falsely representing that the Plaintiff owed the alleged debt 15 USC §1692c(2)(A); and

    b. Communicating with a consumer they knew to be represented by an attorney 15 USC §1692e; and

    c. Misrepresenting the character and/or legal status of the debt 15 USC §1692e; and

    d. Threatening to take action and taking action that cannot be taken 15 USC §1692e(5); and

    e. False representations or deceptive means to collect or attempt to collect a debt 15 USC §1692e(10); and

    f. Engaging in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt 15 USC §1692d.

    g. Using unfair and unconscionable means to collect or attempt to collect a debt 15 USC §1692f.

19. Under 15 USC §1692k the Defendant' violations of the FDCPA render them jointly and severally liable to the Plaintiff for actual damages, statutory damages, declaratory relief, costs and attorney fees.

### E.  SECOND CLAIM FOR RELIEF

20. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-18.

21. The Defendants' violations of the TDCPA include, but are not limited to the following:

    a. Violations of §392.301(a)(8), by threatening to take and taking action prohibited by law; and

    b. Violations of §392.304(a)(8) by misrepresenting the character, amount and status of the consumer debt; and

    c. Violations of §392.304(a)(19) by using false representation and deceptive means to collect a debt; and

22. Under §392.403 the Defendants' violations of the TDCPA render them jointly and severally liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs and reasonable attorney fees.

## F. THIRD CLAIM FOR RELIEF

23. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-21.

24. The Defendants' violations of the TDCPA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code and is actionable under that subchapter.

25. Under Tex. Bus. & Com. Code §17.50(b)(2) the Defendants' violations of the DTPA render the jointly and severally liable to the Plaintiff for treble damages, injunctive relief and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Court:

1. Declare the Defendants' actions violate the FDCPA, the TDCPA and the DPTA; and

2. Enjoin the Defendants' actions which violate the TDCPA and DTPA; and

3. Enter judgment for Plaintiff against the Defendants for actual damages, statutory damages, costs, attorney fees as provided by 15 USC §1692k(a) and/or TDCPA §392.403 and treble damages under the DTPA; and

4. Grant such other further relief as is deemed just.

Dated: December 8, 2009

                                                s/Kimberly Soard_____
Kimberly Soard, State Bar No 00797815
SD of Texas No 5689451
The Law Offices of Kimberly Soard PC
3722 Bristleleaf Dr
Katy, TX 77449
281-647-0899
Facsimile 832-553-3087
Attorney for Plaintiff(s)