IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILA C. FEATHERSTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3940 |
| | § | |
| HSBC CARD SERVICES, INC., | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") [Doc. # 19] filed by Defendant PCA Acquisitions V, LLC d/b/a Portfolio Asset Group ("Portfolio"), to which Plaintiff Lila C. Featherston filed a Response [Doc. # 20]. Portfolio neither filed a reply nor requested additional time to do so. Based on the Court's review of the record and governing legal authorities, the Motion to Dismiss is **denied**.

## I.   BACKGROUND

Plaintiff had an account with Defendant HSBC Card Services, Inc. ("HSBC") that became delinquent in 2008. Plaintiff alleges that she settled in full with HSBC through its collection agency, Defendant Redline Recovery Services LLC ("Redline").

Plaintiff alleges that HSBC later sold the settled account to Portfolio, who placed the account with Defendant Phillips & Cohen Associates Ltd. ("Phillips") for

collection. Plaintiff alleges that Phillips, on behalf of Portfolio, improperly contacted Plaintiff in Texas through letters and telephone calls in an attempt to collect the debt.

Plaintiff filed this lawsuit under the Fair Debt Collection Practices Act and the Texas Debt Collection Act. Portfolio, added as a Defendant in Plaintiff's First Amended Complaint, has moved to dismiss for lack of personal jurisdiction.

## II.    GENERAL LEGAL STANDARDS FOR PERSONAL JURISDICTION

It is undisputed that Portfolio is a Delaware corporation. Under the Federal Rules of Civil Procedure, a federal court in a diversity case may exercise jurisdiction over a nonresident corporate defendant only if permitted under state law. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) (citing FED. R. CIV. P. 4(e)(1), 4(h)(1), 4(k)(1)). The Texas long-arm statute reaches "as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 903, 906 (S.D. Tex. 2001).

The two-part test for assertion of personal jurisdiction is (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum

state by establishing 'minimum contacts' within the forum state," and (2) whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View,* 205 F.3d at 215; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Both prongs of the due process test must be met in order for this Court to exercise personal jurisdiction over a nonresident defendant. Specific jurisdiction can exist "when the nonresident's contacts with the forum state arise from or are directly related to the cause of action." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999) (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984)).

Plaintiff bears the burden of establishing contact by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required only to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy its burden. *Central Freight Line Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003). The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Id.*

## III.   LEGAL AND FACTUAL ANALYSIS

Plaintiff argues that Portfolio and Phillips are essentially the same entity, causing Phillips to be either the alter ego or the agent of Portfolio such that Phillips's contacts with Plaintiff in Texas should be attributed to Portfolio.  "As a general rule, . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).  This presumption of institutional independence of related corporate entities may be rebutted by "clear evidence" of "something beyond" the mere existence of a corporate relationship between the two corporate entities.  *Id.* (citing *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)).  There must generally be proof of control by one corporation over the other corporation sufficient to "fuse the two together for jurisdictional purposes."  *Id.* (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).  Similarly, the contacts with the forum state by an agent may be attributable to the corporate principal, thus allowing the exercise of jurisdiction over the principal.  *See, e.g., Prod. Promotions, Inc. v. Cousteau*, 495 F.2d 483, 492 (5th Cir. 1974); *Wichita Falls Builders Wholesale, Inc. v. Jancor Cos., Inc.*, 2003 WL 292141, *2 (N.D. Tex. Feb. 3, 2003).  "In determining whether a plaintiff asserting personal jurisdiction has overcome the presumption of corporate separateness, this Court

considers the following nonexhaustive factors:  (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities."  *Freudensprung*, 379 F.3d at 346.

Plaintiff has presented uncontroverted evidence that Portfolio has filed an assumed name certificate with the State of Texas listing its "principal office address in Texas" as 350 N. Paul Street in Dallas.  *See* Assumed Name Certificate, Exh. 1 to Plaintiff's Response [Doc. # 20].  Portfolio and Phillips appear to share the same address and the same principals, Adam S. Cohen, Howard A. Enders, and Matthew M. Phillips.  There is no indication in the record, either through allegation or evidence, that Phillips and Portfolio observe separate corporate formalities or maintain separate accounting systems.  Plaintiff's evidence is adequate, therefore, to support a *prima facie* assertion of personal jurisdiction over Portfolio at this stage of the proceedings.

Plaintiff has also alleged, with supporting evidence, that Phillips's contacts with Plaintiff in Texas were on Portfolio's behalf to collect an alleged debt owned by Portfolio.  Demand letters sent to Plaintiff in Texas identified Portfolio as the "client" who referred Plaintiff's HSBC account to Phillips for collection.  *See* Letter, Exh. 2

to Plaintiff's Response.   As a result, Plaintiff has presented evidence that Portfolio,

through Phillips, has "reached out to Texas" and "has purposefully availed itself of

the protections of Texas law."   *See, e.g., Jancor*, 2003 WL 292141 at *5.  By seeking

to collect a debt allegedly owed by a Texas resident, Portfolio "should have

reasonably foreseen the possibility of being haled into court in Texas for claims"

relating to those debt collection efforts.  *See id.*

IV.     **CONCLUSION AND ORDER**

Because there is evidence offered without contradiction that indicates Phillips

is Portfolio's alter ego, because Phillips was acting as Portfolio's agent, and because

Portfolio undertook to collect an alleged debt from a Texas resident, Plaintiff has

presented a *prima facie* basis for this Court to exercise personal jurisdiction over

Portfolio.     As a result, it is hereby

**ORDERED**  that Portfolio's Motion to Dismiss for Lack of Personal

Jurisdiction [Doc. # 19] is **DENIED**.

SIGNED at Houston, Texas, this **9<u>th</u>** day of **August, 2010**.

_____
Nancy F. Atlas
United States District Judge